J-S05008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME DOLNEY | : | |
| | : | |
| Appellant | : | No. 969 MDA 2021 |

Appeal from the PCRA Order Entered June 29, 2021
In the Court of Common Pleas of
Union County at No(s):  CP-60-CR-0000124-2016

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED APRIL 29, 2022**

Jerome Dolney appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Following a PCRA hearing at which Dolney failed to appear, the PCRA court denied Dolney's request for a continuance and dismissed the petition. Dolney challenges the denial of the motion for continuance and his subsequent motion for reconsideration. We affirm.

On March 24, 2017, a jury convicted Dolney of receiving stolen property, retail theft, theft by unlawful taking and conspiracy. The trial court sentenced Dolney to an aggregate term of 52 months to 12 years in prison, with credit for time served.

This Court subsequently affirmed Dolney's judgment of sentence and the Pennsylvania Supreme Court denied allowance of appeal. ***See***

***Commonwealth v. Dolney***, 209 A.3d 534, 297 MDA 2018 (Pa. Super. filed Jan. 28, 2019) (unpublished memorandum).

On January 24, 2020, Dolney filed a timely, *pro se* PCRA petition alleging ineffective assistance of counsel and prosecutorial misconduct. The PCRA court appointed Dolney counsel, who filed an amended PCRA petition on Dolney's behalf. A PCRA hearing was scheduled for August 25, 2020; however, Dolney refused to submit to a COVID-19 test for transport to the hearing and the hearing was continued.

The PCRA hearing was ultimately rescheduled for June 29, 2021. Dolney was released on parole at some time in May 2021. PCRA counsel was unaware of Dolney's release and did not know how to contact him. PCRA counsel advised the District Attorney's Office and the court that he had been unable to contact Dolney. PCRA counsel also informed Dolney's prior counsel that they did not need to appear as witnesses for the PCRA hearing because the hearing could not proceed in Dolney's absence. PCRA counsel finally contacted Dolney on June 25, 2021, but Dolney stated that he could not attend the hearing due to his work schedule.

PCRA counsel appeared at the scheduled hearing on June 29, 2021, and requested a continuance in order to secure Dolney's attendance. The PCRA court denied the motion for continuance and dismissed Dolney's PCRA petition. Dolney filed a motion for reconsideration, which the PCRA court denied. This timely appeal followed.

Dolney claims the PCRA court abused its discretion by denying his motion for continuance of the June 29, 2021 PCRA hearing. *See* Appellant's Brief at 12. Dolney argues counsel was not made aware of his parole release until approximately the first week of June, and counsel was unable to contact him until June 25, 2021. *See id.* at 13. Dolney asserts that the PCRA court denied him the ability to litigate his PCRA petition. *See id.* at 14.

"Our standard of review in PCRA appeals is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). Moreover, the denial of a motion for continuance "is within the sound discretion of the [PCRA] court, and we will reverse only if the court has abused its discretion." *Commonwealth v. Paddy*, 15 A.3d 431, 470 (Pa. 2011).

Instantly, the PCRA court issued a scheduling order for the PCRA hearing on April 27, 2021. PCRA counsel testified that he sent notice of the scheduled hearing to Dolney at the prison and the letter "never kicked back." N.T., PCRA Hearing, 6/29/21, at 3. The PCRA court similarly highlighted the fact that Dolney was released from prison after the court had scheduled the hearing. *See* PCRA Court Opinion, 8/19/21, at 1 (unnumbered). While counsel had some difficulty locating Dolney following his release, counsel did, in fact, speak with Dolney within the week preceding the scheduled hearing. *See* N.T., PCRA Hearing, 6/29/21, at 3.

Dolney also points to the absence of witnesses at the hearing because they "had already been called off by the time [Dolney] was located." Appellant's Brief at 14. PCRA counsel acknowledged during the hearing that he had instructed the witnesses not to appear before he had spoken to Dolney. *See* N.T., PCRA Hearing, 6/29/21, at 4. There is no indication that counsel attempted to secure the witnesses' presence after he learned of Dolney's whereabouts.

From the above circumstances, the PCRA court "construed [Dolney's] actions as evidence of a lack of interest in pursuing his post-conviction rights." PCRA Court Opinion, 8/19/21, at 2 (unnumbered). The record before us supports a finding that Dolney had notice of the hearing but chose not to appear. Because we discern no abuse of the PCRA court's discretion in denying Dolney's motion for continuance under these circumstances, this claim merits no relief.[1]

Based upon the foregoing, we affirm the PCRA court's order denying Dolney's motion for continuance and dismissing his PCRA petition.

---

[1] Dolney also argues, rather fleetingly, that the trial court abused its discretion by denying his motion to reconsider the denial of his motion for continuance. *See* Appellant's Brief at 15. However, Dolney concedes this issue is not reviewable on appeal. *See id.*; *see also Stockton v. Stockton*, 698 A.2d 1334, 1337 (Pa. Super. 1997) (stating a "lower court's authority under 42 Pa.C.S.A. § 5505 to modify or rescind an order is almost entirely discretionary; this power may be exercised *sua sponte*, or may be invoked by a request for reconsideration filed by the parties, and the court's decision to decline to exercise such power will not be reviewed on appeal." (citation and internal quotation marks omitted)).

Order affirmed.

Judge Dubow joins the memorandum.

Judge Stabile notes his dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/29/2022